|UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRAVON BUTLER,<br><br>                Plaintiff,<br>v.<br><br>WP MD PROPCO I LLC, *et al.,*<br><br>                Defendants. | Civil No.: 1:22-cv-00300-JRR |

## **MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Travon Butler's Motion to Remand and For Attorneys' Fees Under 28 U.S.C. § 1447(c). (ECF 19; the "Motion.")  The court has reviewed all motions papers.  No hearing is necessary.  Local Rule 105.6  (D. Md. 2021).

**BACKGROUND**

This case arises out of an alleged illegal eviction of Plaintiff by Defendants.  Plaintiff contends that Defendants illegally changed the locks on his unit without warning and with all of his belongings inside the unit.  (ECF 21.)  Plaintiff has brought subsequent claims for conversion (Count I), illegal lockout (Count II), violation of the Maryland Consumer Debt Collection Act (Count III), violation of the Maryland Consumer Protection Act (Count IV), and trespass (Count V).

Plaintiff initially brought this action in the Circuit Court for Baltimore City.  Defendants removed the matter to this court, claiming "Defendants are entitled to removal because there is

complete diversity of citizenship between the Plaintiff and Defendants and the amount of controversy exceeds $75,000." (ECF 1.)[1]

**STANDARD**

A court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). When a case is remanded, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*.

**ANALYSIS**

I. <u>Remand</u>

Plaintiff argues that remand is required because this court lacks subject matter jurisdiction over this action due to a lack of complete diversity of citizenship. (ECF 19.) Complete diversity of citizenship means "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The citizenship of a limited liability company is based on the citizenship of all of its members. *Chapman v. Barney*, 129 U.S. 677, 682 (1889). Plaintiff argues a failure of diversity of citizenship because Defendants cannot demonstrate the citizenship of all its members. The court agrees. Importantly, Defendants do not oppose Plaintiff's motion to remand this action to the state court. (ECF 22, p. 1.) The motion for remand will be granted.

II. <u>Attorneys' Fees</u>

Plaintiff also argues he is entitled to an award of attorneys' fees incurred as a result of removal. (ECF 1.) Defendants oppose this request. The Supreme Court has recognized that the appropriate test for awarding fees under section 1447(c) "should recognize the desire to deter

---

[1] This court has subject matter jurisdiction over actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a).

removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Under these considerations, courts may award attorney's fees only where "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Plaintiff argues that removal without first doing a careful review of the citizenship of limited liability parties (by way of its members) is objectively unreasonable. (ECF 19.) Plaintiff cites *VPG Group Holdings LLC v. National Union Fire Insurance Co. of Pittsburgh*, to support his argument. No. 1:20-cv-01505-JRS-TAB, 2020 WL 6323485 (S.D. Ind. October 28, 2020). The District Court in *VPG Group Holdings* awarded attorney fees where "National Union had the burden to investigate the citizenship of every VPG member and sub-member to determine whether complete diversity existed before filing a notice of removal." *Id.* at *2. Because National Union failed to investigate the citizenship of every VPG member, "it acted against clearly established law and removed the case without an objectively reasonable basis." *Id.*

Defendants counter that Plaintiff's rationale does not establish that removal was improper, because Plaintiff's rely only the likelihood or probability that diversity is imperfect based on the number of LLC members within the defendant entities. (ECF 22.) Defendants rely on *Smith v. Westminster Management, LLC*, where this court declined to award attorneys' fees on a motion to remand, because the court was

> "unable to determine if the Defendants had an 'objectively reasonable' *factual* basis for removal, as Defendants have chosen not to disclose the LLC Defendants upstream membership. However, the Court finds that the Defendants did have an 'objectively reasonable' *legal* basis for removal."

3

292 F. Supp. 3d 645, 648 (D. Md. 2018).  The objectively reasonable basis for removal was defendant's belief that "all of the parties were diverse and that the amount in controversy was over $75,000." *Id.* at 649.

Plaintiff urges that *Smith* is materially distinguishable because the *Smith* defendants were willing to verify to the court that no member of its organization was a Maryland citizen, in a confidential filing, and were forthcoming with the court.  *Id.* at 647.  Plaintiff contends: "There can be no question that Defendants preferred to be in federal court, so much so that they attempted to obfuscate the fact that they did not know if their assertion of federal jurisdiction was proper." (ECF 19, p. 7.)

When confronted with the question of citizenship of its members, "Defendants advised that there are 'directly or indirectly, hundreds if not thousands of members and partners of the various LLCs and partnerships disclosed in Defendants' response and to identify each would be impractical."  (ECF 22 p. 2.)  Further, Defendants made clear that it would "not oppose a motion to remand."  *Id.*  Given Defendants' entity composition, removal was imprudent, but the court is satisfied that it was not undertaken for any untoward or improper purpose; and the court is satisfied that it was not objectively unreasonable on its face.  *Compare Hyatt v. Johns*, No. GJH-16-2912, 2016 WL 8673870 at *3 (D.Md. October 14, 2016) (awarding fees where defendants' assertion of diversity jurisdiction was objectively unreasonable under 28 U.S.C. § 1441(b)(2), which "bars defendants from removing cases to federal courts on the basis of diversity when they are citizens of the forum state"); *Transam Financial Services, Inc. v. Cohen*, No. Civ. JFM-05-495, 2005 WL 711794 at *1 (D. Md. March 22, 2005) (awarding fees where "even a cursory examination of the relevant statutes would have revealed that removal was improper," as defendants were citizens of the forum state and the amount in controversy was less than $75,000, and where "the record reflects

that removal was part of obstructionist tactics employed by defendants"). The court declines to exercise its discretion to impose an award of attorneys' fees; the motion for fees will be denied.

**CONCLUSION**

For the reasons set forth herein, Plaintiff Travon Butler's Motion to Remand and For Attorneys' Fees Under 28 U.S.C. § 1447(c) will be **GRANTED in part**, **DENIED in part**, as follows:   The Motion to Remand will be **GRANTED.**  The Motion for Attorneys' Fees will be **DENIED**.  The court will issue an accompanying order in accordance with this memorandum opinion.

_____/S/_____
Judge Julie R. Rubin
United States District Judge
June 22, 2022